[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE (#102)
On September 27, 2002, the plaintiffs, Karen and Paul Guillette, filed a two-count complaint alleging breach of contract (count two) and seeking specific performance (count one) from the defendants, Kathie McAlpine and Dean Anderson.[1] The defendants are the owners of the property located at 253 Hampton Road, Chaplin, CT. On August 11, 2001 and August 20, 2001, the parties allegedly executed the "Agreement to Sell and Purchase Real Estate" (agreement). Pursuant to the terms of the agreement, the plaintiffs allege that they agreed to purchase "a lot of approximately twenty-one (21) acres, located to the east of 253 Hampton Road, Chaplin, CT, immediately adjacent thereto" (subject property). On April 15, 2002, the defendants allegedly notified the plaintiffs that they were repudiating their agreement and would not convey the subject property to the plaintiffs.
On December 23, 2002, the defendants filed a motion to strike counts one and two of the plaintiffs' complaint on the grounds that each count failed to state a claim upon which relief can be granted because the agreement is unenforceable pursuant to the statute of frauds. The plaintiffs filed a memorandum in opposition to the defendants' motion to strike.
 LAW
The defendants move to strike count one of the plaintiffs' complaint on the ground that it fails to state a claim upon which relief can be granted because the defendants contend that the allegations contained in count one are "legally insufficient to state a claim because the contract is unenforceable in that the location of the real estate is not stated with sufficient definition to satisfy the Statute of Frauds." (Defendants' Motion to Strike.) The defendants argue that the contract is unenforceable because the description of the subject property is insufficient and, therefore, does not satisfy the statute of frauds. The CT Page 3819 defendants further argue that there was never a meeting of the minds between the parties; therefore, no contract exists. The defendants reiterate the same ground and make the same arguments as to count two of the plaintiffs' complaint.
The plaintiffs argue in opposition that evidence outside of the original agreement can be introduced to "test the sufficiency of the description contained in the original writing." (Plaintiff's Memorandum in Opposition.) The plaintiffs further argue that the description of the subject property in the agreement is sufficient in order to satisfy the statute of frauds. The plaintiffs argue in the alternative that their part performance of the agreement removes it from the purview of the statute of frauds. Finally, the plaintiffs conclude that the defendants are improperly utilizing the motion to strike in order to circumvent the plaintiffs from introducing extrinsic evidence that would show the parties' intentions pertaining to the subject property.
"Courts [will] permit the Statute of Frauds to be raised by a motion to strike only when the alleged agreement falls squarely within those categories of agreements required to be in writing." Water FrontAssociation, Inc. v. McConney, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 02 077360 (August 14, 2002, Sequino, J.). The statute of frauds, codified as General Statutes §52-550, provides in pertinent part: (a) "No civil action may be maintained in the following cases unless the agreement . . . is made in writing and signed by the party, or the agent of the party, to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property."
"The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence." (Internal quotation marks omitted.) Cheverie v. Ashcraft Gerel, 65 Conn. App. 425, 439,783 A.2d 474, cert. denied, 258 Conn. 932, 785 A.2d 228 (2001). "[T]he description of land contained in a contract of sale or any option to purchase is sufficiently definite to satisfy the requirements of the Statute of Frauds whenever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written." Levesque Builders, Inc. v. Hoerle, 49 Conn. App. 751, 756,757, 717 A.2d 252 (1998). "[T]he determination of whether a contract is sufficiently definite to satisfy the statute of frauds is a question of fact." Id.
The plaintiffs allege that they entered into an agreement with the defendants and incorporate that agreement into the complaint by attaching CT Page 3820 a copy thereto. An examination of the agreement reveals that it is in writing and signed by the parties. Whether the agreement contains a sufficient description of the subject property is a question of fact that cannot be properly determined in a motion to strike. See LevesqueBuilders, Inc. v. Hoerle, supra. Therefore, this question is improper on a motion to strike.
 ORDER
Accordingly, the defendants' motion to strike counts one and two of the plaintiffs' complaint are denied.
Foley, J.